IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 15-CV-02614-PAB-MJW

William HEDGE,

    Plaintiff,

v.

Officer Elaine GROFF,
Officer Samuel HUNTER,
Officer ELLIOTT,
Officer PATTERSON, and
Officer KAVALEC

    Defendants.

**PROTECTIVE ORDER** ( Docket No 36-1 ) 

1. The Parties anticipate seeking Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions and other proceedings in this action. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains information that is confidential and implicates common law and/or statutory privilege interests, statutory privacy interests, and/or designated by one of the Parties in the manner provided in paragraph 4 below as containing Confidential Information, including, but not limited to:

    a.    the Parties' medical and mental health records,
    b.    the Parties' employment information, including any IAB files on any Defendant.
    c.    any documents containing confidential information relating to third parties.

1

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4. Any information designated by a Party as Confidential Information subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as Confidential is based upon a good faith belief that the information is confidential or otherwise entitled to protection.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless a statement in the form of Exhibit A has been signed.

6. Confidential Information, without the consent of the party producing it or further Order of the Court, shall not be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case, and persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    c.    the parties and designated representatives for the entity Defendants;

    d.    deponents, witnesses, or potential witnesses;

    e.    the Court and its employees ("Court Personnel");

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    members of a jury or other finder(s) of fact ("Finders of Fact");

    h.    other persons by written agreement of the parties.

    7.    Prior to disclosing any Confidential Information, pro se parties or counsel shall provide such person with a copy of this Protective Order and obtain from such person a written statement that he or she has read this Protective Order and agrees to be bound by its provisions. The form of statement is attached hereto as Attachment A. All such statements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. If a person refuses to execute the statement attached hereto then counsel for the parties may confer with each other in order to attempt to informally resolve any such refusal. Persons described in Paragraphs 6(a), 6(e), 6(f) and (6g) of this Protective Order shall not be required to execute a written statement.

    8.    The Party or Party's counsel who discloses Confidential Information shall be responsible for ensuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original statements signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

    9.    During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

    10.    No copies of Confidential Information shall be made except by or on behalf of pro se parties or counsel in this litigation for work product purposes,

including for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the court by a party in accordance with procedures for filing such documents under D.C. Colo.L.CivR 7.2. Any such copies shall be made and used solely for purposes of this litigation.

11. Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, pro se parties counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the parties mutually agree to a longer time to discuss any pending dispute, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

13. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing under restriction or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under restriction. Any motion requesting leave to file documents under restriction shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

14. The termination of this action shall not relieve pro se parties, counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order

15. By adhering to the terms of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this lawsuit.

16. In the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. No recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purpose of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

17. The terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation, including any appeals, each Party's counsel or pro se party shall immediately return to the producing party all Confidential Information provided subject to this Protective Order or, at the option of the receiving party, certify that all copies have been destroyed.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

19. Nothing in this Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

Dated and Respectfully submitted this 28th day of March 2016.

BY THE COURT:

_____
Honorable Michael J Watanabe,
United States Magistrate Judge

Approved as to Form

APPROVED:

Counsel for Plaintiff

/s/ Alison Ruttenberg

Alison L. Ruttenberg
P.O. Box 19857
Boulder, CO 80308
Telephone: 720-317-3834
Ruttenberg@me.com

Counsel for Defendant

/s/ Nicholas C. Poppe

Nathan Dumm & Mayer P.C.
7900 E. Union Ave, Suite 600
Denver, CO 80237
303-691-3737
npoppe@ndm-law.com

# EXHIBIT A

## STATEMENT

I, _____ (print full name) hereby acknowledge receipt of the foregoing CONFIDENTIALITY AGREEMENT AND STIPULATION FOR PROTECTIVE ORDER ("**Confidentiality Agreement**") from (check one):

☐ J. Andrew Nathan, Marni Nathan Kloster, and Nicholas Poppe, counsel for Defendants;

**or**

☐ Alison Ruttenberg, Attorney at Law, counsel for Plaintiff.

I have read and understand the Confidentiality Agreement, and agree to be bound by its provisions.

Dated this _____ day of _____, 201___.

_____
(Print Name)

_____
(Signature)